**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (SBN #248676)
Sydney Castillo-Johnson (SBN # 43881)
Perssia Razma (SBN #351398)
John L. Nitti (SBN #330752)
Carolina Faccin (SBN #340855)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
jlapuyade@jcl-lawfirm.com
scastillo@jcl-lawfirm.com
prazma@jcl-lawfirm.com
jnitti@jcl-lawfirm.com
cfaccin@jcl-lawfirm.com

Attorneys for Plaintiff LUTHER HILL

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (SBN #277924)
Jackland K Hom (SBN #327243)
Jaclyn Joyce (SBN #285124)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 255-9047
shani@zakaylaw.com
jackland@zakaylaw.com
jaclyn@zakaylaw.com

Attorneys for Plaintiff LUTHER HILL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUTHER HILL, an individual, on behalf of themself, and on behalf of all persons similarly situated,

Plaintiff,

v.

HOGAN PERSONNEL, LLC, a Missouri limited liability company; HOGAN TRUCK LEASING, INC., a Missouri corporation; and DOES 1-50, Inclusive,

Defendants.

Case No. 5:25-cv-00564-JGB(SPx)

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*;
2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*;
4) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
5) FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF

CAL. LAB. CODE §§ 201, 202 AND 203;

6) FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802.

**DEMAND FOR A JURY TRIAL**

PLAINTIFF LUTHER HILL ("PLAINTIFF"), an individual, on behalf of themself and all other similarly situated current and former employees, alleges on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## PRELIMINARY ALLEGATIONS

1. Defendant HOGAN PERSONNEL, LLC ("Defendant Hogan Personnel") is a Missouri limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. Defendant HOGAN TRUCK LEASING, INC. ("Defendant Hogan Truck") is a Missouri corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

3. Defendant Hogan Personnel and Defendant Hogan Truck were the joint employers of PLAINTIFF as evidenced by the documents issued to PLAINTIFF, by the company PLAINTIFF performed work for respectively, and as these entities each exerted control over the hours, wages and/or working conditions of PLAINTIFF, and are therefore jointly responsible as employers for the conduct alleged herein as "DEFENDANTS."

4. DEFENDANTS own and operate a truck leasing company in California, including in the County of San Bernardino, where PLAINTIFF worked.

5. PLAINTIFF was employed by DEFENDANTS in California from February 2023 to May 2024, as a non-exempt employee, paid on an hourly basis, and entitled to payment of minimum and overtime wages due for all time worked.

6. PLAINTIFF reserves the right to seek leave to amend this First Amended Complaint to add new Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

7. PLAINTIFF brings this Class Action on behalf of themself and a California class, defined as all persons who are or previously were employed by Defendant Hogan Personnel and/or Defendant Hogan Truck in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the original Complaint and ending on the date as determined by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate claim of the CALIFORNIA CLASS members is under five million dollars ($5,000,000.00).

8. PLAINTIFF brings this Class Action on behalf of themself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CLASS PERIOD caused by DEFENDANTS' uniform policy and practice which failed to lawfully compensate these employees. DEFENDANTS' uniform policy and practice alleged herein was an unlawful, unfair, and deceptive business practice whereby DEFENDANTS retained and continue to retain wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

/ / /

9. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANTS DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these DEFENDANTS by such fictitious names pursuant to California Civil Procedure Code Section 474. PLAINTIFF will seek leave to amend this First Amended Complaint to allege the true names and capacities of DEFENDANTS DOES 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the DEFENDANTS named in this First Amended Complaint, including DEFENDANTS DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

10. The agents, servants and/or employees of DEFENDANTS and each of them acting on behalf of DEFENDANTS acted within the course and scope of his, her or its authority as the agent, servant and/or employee of DEFENDANTS, and personally participated in the conduct alleged herein on behalf of the DEFENDANTS with respect to the conduct alleged herein. Consequently, the acts of each DEFENDANTS are legally attributable to the other DEFENDANTS and all DEFENDANTS are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the DEFENDANTS' agents, servants and/or employees.

11. DEFENDANTS were PLAINTIFF'S employers or persons acting on behalf of PLAINTIFF'S employer, within the meaning of California Labor Code Section 558, who violated or caused to be violated, a Section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code Section 558, at all relevant times.

12. DEFENDANTS were PLAINTIFF'S employers or persons acting on

behalf of PLAINTIFFS' employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code Section 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

13. DEFENDANTS' uniform policies and practices alleged herein were unlawful, unfair, and deceptive business practices whereby DEFENDANTS retained and continue to retain wages due to PLAINTIFF and other members of the CALIFORNIA CLASS.

14. PLAINTIFF and other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and other members of the CALIFORNIA CLASS who has been economically injured by DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

**JURISDICTION AND VENUE**

15. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure Section 410.10 and California Business and Professions Code Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANTS pursuant to California Code of Civil Procedure Section 382.

16. Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANTS operate in locations across California, employ the CALIFORNIA CLASS across California, including in this county, and committed the wrongful conduct herein alleged in this county against the CALIFORNIA CLASS.

**THE CONDUCT**

17. In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order,

DEFENDANTS as a matter of company policy, practice, and procedure, intentionally, knowingly, and systematically failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for off-the-clock work, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime at the correct regular rate of pay, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS redeemed sick pay at the regular rate of pay, failed to reimburse PLAINTIFF and the other members of the CALIFORNIA CLASS for business expenses, and failed to issue to PLAINTIFF and the other members of the CALIFORNIA CLASS with accurate itemized wage statements showing, among other things, all applicable hourly rates in effect during the pay periods and the corresponding amount of time worked at each hourly rate. DEFENDANTS' uniform policies and practices are intended to purposefully avoid the accurate and full payment for all time worked as required by California law which allows DEFENDANTS to illegally profit and gain an unfair advantage over competitors who comply with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should be adjusted accordingly.

**A. <u>Unreimbursed Business Expenses</u>**

18. DEFENDANTS as a matter of corporate policy, practice, and procedure, intentionally, knowingly, and systematically failed to reimburse and indemnify the PLAINTIFF and the other CALIFORNIA CLASS members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS members in direct consequence of discharging their duties on behalf of DEFENDANTS. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. California Labor Code Section 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by

the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

19. In the course of their employment, DEFENDANTS required PLAINTIFF and other CALIFORNIA CLASS members to incur personal expenses for the use of their personal cell phones, and for the purchase of their work tools, as a result of and in furtherance of their job duties. Specifically, PLAINTIFF and other CALIFORNIA CLASS members were required to use their personal cell phones, and purchase their work tools, in order to perform work related tasks. However, DEFENDANTS unlawfully failed to reimburse PLAINTIFF and other CALIFORNIA CLASS members for the use of their personal cell phones, and for the purchase of their work tools. As a result, in the course of their employment with DEFENDANTS, the PLAINTIFF and other CALIFORNIA CLASS members incurred unreimbursed business expenses that included, but were not limited to, costs related to the use of their personal cell phones, and the purchase of their work tools, all on behalf of and for the benefit of DEFENDANTS.

**B. <u>Wage Statement Violations</u>**

20. California Labor Code Section 226 required an employer to furnish its employees an accurate itemized wage statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of the employee's social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

/ / /

21. From time to time during the CLASS PERIOD, when PLAINTIFF and other CALIFORNIA CLASS members were not paid for all hours worked, DEFENDANTS also failed to provide PLAINTIFF and other CALIFORNIA CLASS members with complete and accurate wage statements which failed to show, among other things, all deductions, the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.

22. Further, DEFENDANTS from time to time failed to provide PLAINTIFF and the CALIFORNIA CLASS members with wage statements that show all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

23. In addition to the foregoing, DEFENDANTS, from time to time, failed to provide PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply with California Labor Code Section 226.

24. As a result, DEFENDANTS issued PLAINTIFF and other CALIFORNIA CLASS members with wage statements that violate California Lab. Code § 226(a)(1)-(9). Further, DEFENDANTS' violations are knowing and intentional, and were not isolated due to an unintentional payroll error due to clerical or inadvertent mistake.

**C. <u>Off-the-Clock Work Resulting in Minimum Wage and Overtime Violations</u>**

25. During the CLASS PERIOD, from time-to-time DEFENDANTS failed and continues to fail to accurately pay PLAINTIFF and other members of the CALIFORNIA CLASS for all hours worked.

26. During the CLASS PERIOD, from time-to-time DEFENDANTS required PLAINTIFF and other members of the CALIFORNIA CLASS to perform pre-shift or post-shift work, including but not limited to performing keyholder duties.

This resulted in PLAINTIFF and other CALIFORNIA CLASS members having to work while off-the-clock.

27. DEFENDANTS directed and directly benefited from the undercompensated off-the-clock work performed by PLAINTIFF and the other CALIFORNIA CLASS members.

28. DEFENDANTS controlled the work schedules, duties, and protocols, applications, assignments, and employment conditions of PLAINTIFF and the other CALIFORNIA CLASS members.

29. DEFENDANTS were able to track the amount of time PLAINTIFF and the other members of the CALIFORNIA CLASS spent working; however, DEFENDANTS failed to document, track, or pay PLAINTIFF and the other members of the CALIFORNIA CLASS all wages earned and owed for all the work they performed.

30. PLAINTIFF and the other members of the CALIFORNIA CLASS were non-exempt employees, subject to the requirements of the California Labor Code.

31. DEFENDANTS' policies and practices deprived PLAINTIFF and the other CALIFORNIA CLASS members of all minimum regular, overtime, and double time wages owed for the off-the-clock work activities. Because PLAINTIFF and the other members of the CALIFORNIA CLASS typically worked over forty (40) hours in a workweek, and more than eight (8) hours per day, DEFENDANTS' policies and practices also deprived them of overtime pay.

32. DEFENDANTS knew or should have known that PLAINTIFFS' and the other CALIFORNIA CLASS members' off-the-clock work was compensable under the law.

33. As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due to them for all hours worked at DEFENDANTS' direction, control, and benefit for the time spent working while off-the-clock, including but not limited to, performing keyholder duties. DEFENDANTS' uniform

policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANTS' business records.

**D. <u>Regular Rate Violation – Overtime, Double Time, and Redeemed Sick Pay</u>**

34. From time to time during the CLASS PERIOD, DEFENDANTS failed and continues to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS members for their overtime and double time hours worked, and redeemed sick pay. As a result, PLAINTIFF and the other CALIFORNIA CLASS members forfeited wages due to them for working overtime without compensation at the correct overtime and double time rates, and redeemed sick pay rates. DEFENDANTS' uniform policy and practice not to pay the CALIFORNIA CLASS members at the correct rate for all overtime and double time worked, and sick pay in accordance with applicable law is evidenced by DEFENDANTS' business records.

35. State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

36. The second component of PLAINTIFF'S and other CALIFORNIA CLASS members' compensation was DEFENDANTS' non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS members incentive wages based on their performance for DEFENDANTS. The non-discretionary bonus program provided all employees paid on an hourly basis with bonus compensation when the employees met the various performance goals set by DEFENDANTS.

37. However, from time to time, when calculating the regular rate of pay in those pay periods where PLAINTIFF and other CALIFORNIA CLASS members worked overtime, double time, and/or redeemed sick pay, and earned non-discretionary bonuses, DEFENDANTS failed to accurately include the non-

discretionary bonus compensation as part of the employee's "regular rate of pay" and/or calculated all hours worked rather than just all non-overtime hours worked. Management and supervisors described the incentive/bonus program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime and double time compensation and redeemed sick pay to PLAINTIFF and other CALIFORNIA CLASS members by DEFENDANTS. Specifically, California Labor Code Section 246 mandates that paid sick time for non-exempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the non-exempt employee uses paid sick time, whether or not the employee actually works overtime in that workweek. DEFENDANTS' conduct, as articulated herein, by failing to include the incentive compensation as part of the "regular rate of pay" for purposes of sick pay compensation was in violation of California Labor Code Section 246, the underpayment of which is recoverable under California Labor Code Sections 201, 202, 203, and/or 204.

38. In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a matter of company policy, practice, and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime and double time worked, and redeemed sick pay as required by California law which allowed DEFENDANTS to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS members against DEFENDANTS, the CLASS PERIOD should be adjusted accordingly.

/ / /

**E. <u>Unlawful Deductions</u>**

39. DEFENDANTS, from time-to-time, unlawfully deducted wages from PLAINTIFF'S and CALIFORNIA CLASS members' pay without explanations and without authorization to do so or notice to PLAINTIFF and the CALIFORNIA CLASS members. As a result, DEFENDANTS violated Labor Code Section 221.

**F. <u>Timekeeping Manipulation</u>**

40. During the CLASS PERIOD, DEFENDANTS, from time-to-time, did not have an immutable timekeeping system to accurately record and pay PLAINTIFF and other members of the CALIFORNIA CLASS for the actual time PLAINTIFF and other members of the CALIFORNIA CLASS worked each day, including regular time, overtime hours, and sick pay. As a result, DEFENDANTS were able to and did in fact, unlawfully, and unilaterally alter the time recorded in DEFENDANTS' timekeeping system for PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees for all hours worked, applicable overtime compensation, and applicable sick pay.

41. As a result, PLAINTIFF and other members of the CALIFORNIA CLASS, from time to time, forfeited time worked by working without their time being accurately recorded and without compensation at the applicable pay rates.

42. As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due to them for all hours worked at DEFENDANTS' direction, control and benefit for the time the timekeeping system was inoperable. DEFENDANTS' uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANTS' business records.

**G. <u>Unlawful Rounding Practices</u>**

43. During the CALIFORNIA CLASS PERIOD, DEFENDANTS did not have in place an immutable timekeeping system to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS members for the actual time these

employees worked each day, including overtime hours. Specifically, DEFENDANTS had in place an unlawful rounding policy and practice that resulted in PLAINTIFF and CALIFORNIA CLASS members being undercompensated for all their time worked. As a result, DEFENDANTS were able to and did in fact unlawfully and unilaterally round the time recorded in DEFENDANTS' timekeeping system for PLAINTIFF and the members of the CALIFORNIA CLASS in order to avoid paying these employees for all their time worked, including the applicable overtime compensation for overtime worked. As a result, PLAINTIFF and other CALIFORNIA CLASS members, from time to time, forfeited compensation for their time worked by working without their time being accurately recorded and without compensation at the applicable overtime rates.

**H. <u>Violations for Untimely Payment of Wages</u>**

44. Pursuant to California Labor Code Section 204, PLAINTIFF and the CALIFORNIA CLASS members were entitled to timely payment of wages during their employment. PLAINTIFF and the CALIFORNIA CLASS members, from time to time, did not receive payment of all wages, including, but not limited to, overtime wages and minimum wages within the permissible time period.

45. Pursuant to California Labor Code Section 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Pursuant to California Labor Code Section 202, if an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." PLAINTIFF and the CALIFORNIA CLASS members were, from time to time, not timely provided the wages earned and unpaid at the time of their discharge and/or at the time of quitting, in violation of California Labor Code Sections 201 and 202.

/ / /

46. As such, PLAINTIFF demands up to thirty days of pay as penalty for not timely paying all wages due at time of termination for all CALIFORNIA CLASS members whose employment ended during the CLASS PERIOD.

**I. Sick Pay Violations**

47. California Labor Code Section 246 (a)(1) mandates that "An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section." Further, California Labor Code Sections 246(b)-(d) provide for the sick day accrual requirements. From time to time, DEFENDANTS failed to have a policy or practice in place to provide PLAINTIFF and other members of the CALIFORNIA CLASS with sick days and/or paid sick leave. As of January 1, 2024, DEFENDANTS failed to adhere to the law in that they failed to provide and allow employees to use at least 40 hours or five days of paid sick leave per year.

48. California Labor Code Section 246(i) requires an employer to furnish its employees with written wage statements setting forth the amount of paid sick leave available. From time to time, DEFENDANTS violated California Labor Code Section 246 by failing to furnish PLAINTIFF and other members of the CALIFORNIA CLASS with wage statements setting forth the amount of paid sick leave available.

49. Specifically, as to PLAINTIFF, PLAINTIFF was from time to time provided with paystubs that failed to comply with California Labor Code Section 226. Further, DEFENDANTS also failed to reimburse PLAINTIFF for required business expenses related to the personal expenses incurred for the use of their personal cell phone, and for the purchase of work tools, on behalf of and in furtherance of their employment with DEFENDANTS. To date, DEFENDANTS have not fully paid PLAINTIFF the minimum, overtime and double time compensation still owed to them, or any penalty wages owed to them under

California Labor Code Section 203. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

**CLASS ACTION ALLEGATIONS**

50. PLAINTIFF brings this Class Action on behalf of themself, and a California class defined as all persons who are or previously were employed by Defendant Hogan Personnel and/or Defendant Hogan Truck in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the original Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").

51. PLAINTIFF and the other CALIFORNIA CLASS members have uniformly been deprived of wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid overtime compensation, failure to reimburse for business expenses, failure to compensate for off-the-clock work, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, statutory and civil penalties, attorney's fees, costs, and expenses.

52. The members of the class are so numerous that joinder of all class members is impractical.

53. Common questions of law and fact regarding DEFENDANTS' conduct, including but not limited to, off-the-clock work, failure to accurately calculate the regular rate of pay for overtime compensation, failure to accurately calculate the regular rate of compensation for redeemed sick pay, failure to reimburse for business expenses, failure to provide accurate itemized wage statements, and failure to ensure they are paid at least minimum wage and overtime, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether DEFENDANTS failed to pay PLAINTIFF and the CALIFORNIA CLASS members accurate overtime wages;

b. Whether DEFENDANTS failed to pay PLAINTIFF and the CALIFORNIA CLASS members at least minimum wage for all hours worked;

c. Whether DEFENDANTS failed to compensate PLAINTIFF and the CALIFORNIA CLASS members for required business expenses;

d. Whether DEFENDANTS issued legally compliant wage statements;

e. Whether DEFENDANTS committed an act of unfair competition by systematically failing to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked;

f. Whether DEFENDANTS committed an act of unfair competition in violation of California Business and Professions Code Sections 17200, *et seq.* (the "UCL").

54. PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as a result of DEFENDANTS' conduct and actions alleged herein.

55. PLAINTIFFS' claims are typical of the claims of the CALIFORNIA CLASS, and PLAINTIFF has the same interests as the other members of the class.

56. PLAINTIFF will fairly and adequately represent and protect the interests of the CALIFORNIA CLASS members.

57. PLAINTIFF retained able class counsel with extensive experience in class action litigation.

58. Further, PLAINTIFF'S interests are coincident with, and not antagonistic to, the interest of the other CALIFORNIA CLASS members.

59. There is a strong community of interest among PLAINTIFF and the members of the CALIFORNIA CLASS to, inter alia, ensure that the combined assets of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained.

/ / /

60. The questions of law and fact common to the CALIFORNIA CLASS members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

61. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

a. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

b. Adjudication with respect to individual members of the CALIFORNIA CLASS which would, as a practical matter, be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

62. Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANTS.

/ / /

/ / /

## FIRST CAUSE OF ACTION

**Unlawful Business Practices**

**(Cal. Bus. and Prof. Code §§ 17200, *et seq.*)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANTS)**

63. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

64. DEFENDANTS are each a "person" as that term is defined under California Business and Professions Code Section 17021.

65. California Business and Professions Code Sections 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

66. By the conduct alleged herein, DEFENDANTS have engaged and continues to engage in business practices which violate California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 204, 210, 510, 558, 1194, 1197, 1197.1, 1198, and 2802, for which this Court should issue declaratory and other equitable relief pursuant to California Business and Professions Code Section 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

67. By the conduct alleged herein, DEFENDANTS' practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressively unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business and Professions Code, including restitution of wages wrongfully withheld.

68. By the conduct alleged herein, DEFENDANTS' practices were deceptive and fraudulent in that DEFENDANTS' uniform policy and practice, failed to pay minimum and overtime wages owed, and failed to reimburse all necessary business expenses incurred, due to a systematic business practice that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code Sections 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to California Business and Professions Code Section 17203, including restitution of wages wrongfully withheld.

69. By the conduct alleged herein, DEFENDANTS' practices were also unlawful, unfair, and deceptive in that DEFENDANTS' employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANTS.

70. By and through the unlawful and unfair business practices described herein, DEFENDANTS have obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete against competitors who comply with the law.

71. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations,

and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, were deceptive, and thereby constitute unlawful, unfair, and deceptive business practices in violation of California Business and Professions Code Sections 17200, *et seq.*

72. PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANTS have acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

73. PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair, and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from engaging in any unlawful and unfair business practices in the future.

74. PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANTS. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANTS are restrained from continuing to engage in these unlawful and unfair business practices.

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**Failure To Pay Minimum Wages**

**(Cal. Lab. Code §§ 1194, 1197 and 1197.1)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANTS)**

75. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

76. PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANTS' willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANTS' failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS members.

77. Pursuant to California Labor Code Section 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

78. California Labor Code Section 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

79. California Labor Code Section 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

80. DEFENDANTS maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA CLASS without regard to the correct amount of time they work. As set forth herein, DEFENDANTS' uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS.

/ / /

81. DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS in regard to minimum wage pay.

82. In committing these violations of the California Labor Code, DEFENDANTS inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA CLASS. DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

83. As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANTS.

84. During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for time worked than they were entitled to, constituting a failure to pay all earned wages.

85. By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

86. DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under-compensated for their time worked. DEFENDANTS systematically elected, either through intentional

malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

87. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANTS acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

88. PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS members who have terminated their employment, DEFENDANTS' conduct also violates Labor Code Sections 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code Section 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS members. DEFENDANTS' conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS members are entitled to seek and recover statutory costs.

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**Failure To Pay Overtime Compensation**

**(Cal. Lab. Code §§ 204, 510, 1194 and 1198)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANTS)**

89. PLAINTIFF and the other members of the CALIFORNIA CLASS reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

90. PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANTS' willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANTS' failure to pay these employees for all overtime worked including work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

91. Pursuant to California Labor Code Section 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

92. California Labor Code Section 510 provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

93. California Labor Code Section 1194 establishes an employee's right to recover unpaid wages, including minimum and overtime compensation and interest thereon, together with the costs of suit. California Labor Code Section 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

/ / /

94. During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS members were required by DEFENDANTS to work for DEFENDANTS and were not paid for all the time they worked, including overtime work.

95. DEFENDANTS' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA CLASS members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

96. In committing these violations of the California Labor Code, DEFENDANTS inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA CLASS members. DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

97. As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct overtime compensation for their time worked for DEFENDANTS.

98. California Labor Code Section 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this First Amended Complaint. Rather, PLAINTIFF brings this Action on behalf of themself and the CALIFORNIA

CLASS based on DEFENDANTS' violations of non-negotiable, non-waivable rights provided by the State of California.

99. During the CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less for overtime worked than they were entitled to, constituting a failure to pay all earned wages.

100. DEFENDANTS failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by California Labor Code Sections 510, 1194, and 1198, even though PLAINTIFF and the other members of the CALIFORNIA CLASS were regularly required to work, and did in fact work overtime, and did in fact work overtime as to which DEFENDANTS failed to accurately record and pay as evidenced by DEFENDANTS' business records and witnessed by employees.

101. By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true amount of overtime they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them, and which will be ascertained according to proof at trial.

102. DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were undercompensated for their time worked. DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay them for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANTS perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct overtime wages for their overtime worked.

103. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA

CLASS for all time worked and provide them with the requisite compensation, DEFENDANTS acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

104. Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS request recovery of overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA CLASS members who have terminated their employment, DEFENDANTS' conduct also violates California Labor Code Sections 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code 203, which penalties are sought herein. DEFENDANTS' conduct as alleged herein was willful, intentional, and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS members are entitled to seek and recover statutory costs.

**<u>FOURTH CAUSE OF ACTION</u>**

**Failure To Provide Accurate Itemized Statements**

**(Cal. Lab. Code § 226)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANTS)**

105. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

106. California Labor Code Section 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

a. Gross wages earned,

b. total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

c. the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

d. all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

e. net wages earned,

f. the inclusive dates of the period for which the employee is paid,

g. the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number of an employee identification number other than social security number may be shown on the itemized statement,

h. the name and address of the legal entity that is the employer, and

i. all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

107. When DEFENDANTS did not accurately record PLAINTIFFS' and other CALIFORNIA CLASS members' time and were not paid for all hours worked, DEFENDANTS violated California Labor Code Section 226 in that DEFENDANTS failed to provide PLAINTIFF and other CALIFORNIA CLASS members with complete and accurate wage statements which failed to show, among other things, all deductions, the accurate gross wages earned, net wages earned, the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.

/ / /

108. In addition to the foregoing, DEFENDANTS failed to provide itemized wage statements to PLAINTIFF and members of the CALIFORNIA CLASS that complied with the requirements of California Labor Code Section 226(a)(1)-(9).

109. DEFENDANTS knowingly and intentionally failed to comply with California Labor Code Section 226(a)(1)-(9), causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for unpaid wages and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to California Labor Code Section 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA CLASS herein).

## FIFTH CAUSE OF ACTION

**Failure To Pay Wages When Due**

**(Cal. Lab. Code § 203)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANTS)**

110. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

111. California Labor Code Section 200 provides that:

As used in this article:

(d) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the

standard of time, task, piece, commission basis, or other method of calculation.

(e) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

112. California Labor Code Section 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

113. California Labor Code Section 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

114. There was no definite term in PLAINTIFF'S or any CALIFORNIA CLASS members' employment contract.

115. California Labor Code Section 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

116. The employment of PLAINTIFF and many CALIFORNIA CLASS members terminated, and DEFENDANTS have not tendered payment of wages to these employees who were not paid all wages, as required by law.

117. Therefore, as provided by California Labor Code Section 203, on behalf of themselves and the members of the CALIFORNIA CLASS whose employment has ended, PLAINTIFF demands up to thirty (30) days of pay as penalty for not

paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

**<u>SIXTH CAUSE OF ACTION</u>**

**Failure To Reimburse Employees for Required Expenses**

**(Cal. Lab. Code §§ 2802)**

**(Alleged by PLAINTIFF and the CALIFORNIA CLASS against DEFENDANTS)**

118. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this First Amended Complaint.

119. California Labor Code Section 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

120. From time to time during the CLASS PERIOD, DEFENDANTS violated California Labor Code Section 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANTS' benefit. DEFENDANTS failed to reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses which included, but were not limited to, the use of their personal cell phones, and purchase of their work tools, all on behalf of and for the benefit of DEFENDANTS. Specifically, DEFENDANTS required PLAINTIFF and other CALIFORNIA CLASS members to use their personal cell phones, and purchase work tools, to execute their essential job duties on behalf of DEFENDANTS. DEFENDANTS' uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses

resulting from the use of their personal cell phones, and purchase of their work tools, within the course and scope of their employment for DEFENDANTS. These expenses were necessary to complete their principal job duties. DEFENDANTS are estopped by DEFENDANTS' conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA CLASS members, DEFENDANTS failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

121. PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA CLASS members in the discharge of their job duties for DEFENDANTS, or their obedience to the directions of DEFENDANTS, with interest at the statutory rate and costs under California Labor Code Section 2802.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for a judgment against all DEFENDANTS, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:
   a. That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to California Code of Civil Procedure Section 382;
   b. An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein;
   c. An order requiring DEFENDANTS to pay all overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and
   d. Restitutionary disgorgement of DEFENDANTS' ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANTS'

violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA CLASS:
   a. That the Court certify the Second, Third, Fourth, Fifth, and Sixth Causes of Action asserted by the CALIFORNIA CLASS as a class action pursuant to California Code of Civil Procedure Section 382;
   b. Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;
   c. The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of California Labor Code Section 226;
   d. The wages of all terminated employees from the CALIFORNIA CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with California Labor Code Section 203.
   e. The amount of the expenses PLAINTIFF and each member of the CALIFORNIA CLASS incurred in the course of their job duties, plus interest, and costs of suit.
3. On all claims:
   a. An award of interest, including prejudgment interest at the legal rate;
   b. Such other and further relief as the Court deems just and equitable; and
   c. An award of penalties, attorneys' fees, and costs of suit, as allowable under the law, including and pursuant to, but not limited to, California

Labor Code Sections 218.5, 226, 246 and/or 1194.

DATED: January 24, 2026

**JCL LAW FIRM, APC**

By: /s/ Jean-Claude Lapuyade
Jean-Claude Lapuyade, Esq
Attorney for PLAINTIFF

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

DATED: January 24, 2026

**JCL LAW FIRM, APC**

By: /s/ Jean-Claude Lapuyade
Jean-Claude Lapuyade, Esq.
Attorney for PLAINTIFF